**MEI ZI CUI, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondents.**

No. 07–2384–ag.

United States Court of Appeals, Second Circuit.

April 3, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Jim Li, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Linda S. Wendtland, Assistant Director; Remi Adalemo, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Mei Zi Cui, a native and citizen of the People's Republic of China, seeks review of a May 24, 2007 order of the BIA affirming the December 13, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Zi Cui*, No. A98 903 223 (B.I.A. May 24, 2007), *aff'g* No. A98 903 223 (Immig. Ct. N.Y. City Dec. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, because Cui does not challenge the IJ's adverse credibility determination, but challenges the supplemental portion of the BIA's decision denying her due process challenge, we review only the BIA's decision with regards to Cui's due process challenge. *Id.* We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

We have held that due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard. *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citations omitted). Specifically, with respect to the need for adequate translation, we have held that "where the translation of the asylum application was nonsensical, the accuracy and scope of the hearing translation are subject to grave doubt...." *See Augustin v. Sava,* 735 F.2d 32, 37–38 (2nd Cir.1984).

Here, Cui argues that her right to a full and fair hearing was denied because her native language is Korean and the hearing was held in Mandarin. However, Cui stated in her application that she is Chinese by birth and her native language is Mandarin, while also noting that she is of Korean ethnicity and speaks Korean fluently. Further, Cui's attorney stated that Mandarin is her best language during her master calendar hearing, and failed to object when the IJ announced at the beginning of the merits hearing that the official Court interpreter would be speaking Mandarin. Moreover, there was only one mention of translation during the entire merits hearing and that was when Cui's counsel detected what he believed to be an error in the translation of Cui's testimony. Aside

from that instance, there was never any translation-related objection or a statement by Cui that she was having any trouble understanding the interpreter. Indeed, the fist time that Cui's counsel raised this issue was on appeal to the BIA. Accordingly, we find that Cui was provided with a meaningful opportunity to be heard and her due process rights were not violated. *Li Hua Lin,* 453 F.3d at 104–05.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.